Hon. PIERRE ADOLPHE ROST, ⎫
Hon. THOMAS SLIDELL, ⎬ *Associate Justices.*
Hon. ISAAC T. PRESTON, ⎭

## JAMES BECK & CO. *v.* BRADY, BROWN & CO.

The law gives an attaching creditor the right of being paid, by preference, over other ordinary creditors, out of the proceeds of the property attached, and this right cannot be defeated by a subsequent seizure on execution.

APPEAL from the Second District Court of New Orleans, *Lea,* J. *Benjamin* and *Micou,* for plaintiffs. *C. Maurian,* for defendants. The judgment of the court was pronounced by

PRESTON, J. The plaintiffs issued an attachment against the property of the defendants, who are non-residents. Subsequently, other creditors issued attachments against the same property, obtained judgments and seized the property attached under executions, before the plaintiffs obtained judgment or issued execution.

The property having been sold by the sheriff, the plaintiffs took a rule on the other attaching and seizing creditors, to show cause why they should not be paid the amount of their judgment and execution, by priority, out of the proceeds of the sale, as the first attaching creditors.

The other creditors claim a privilege on the proceeds of the property sold, because they first seized it under execution, which, by the very terms of article 722 of the Code of Practice, gives them a privilege upon the property thus seized, which entitles them to a preference over the plaintiffs, who, they contend, are ordinary creditors, their attachment giving them no privilege.

1

Their counsel admits, that the general impression of the bench and bar has been, that the first attaching creditor is to be paid out of the property attached, before a creditor subsequently seizing the property under execution. The general impression existing for a length of time with regard to the effect of statutes, is generally correct. *Communis error facit jus*, may, at least, justify the position that the common interpretation of laws is right.

The counsel also admits, that a principle adverse to that which he maintains, prevails in those systems of law from which we have borrowed the writ of attachment. He should, therefore, justify his adverse position by express law, or a well settled course of decision.

But, on the contrary, the district court has examined, with great care, all the decisions of the Supreme Court on the question, which are numerous, and has reconciled them all as concurring in the principle, that the first attaching creditor cannot be deprived of the benefit of his attachment, merely by a subsequent seizure, under execution, without any other lawful cause of preference. The apparent, though not real, discrepancies in some of those decisions, arises from the different circumstances under which the cases were presented, and in consequence of the court, at different times, giving different reasons for substantially the same principle. The opinion, however, of this court, in the case of *Tufts* v. *Carradine*, 3d Ann. 430, and of the late Supreme Court, in the case of *Emerson et al.* v. *Fox et al.*, 3 L. R. 183, are explicit on the question under consideration, against the pretensions of the appellants, and even if the question could still be considered an open one, would command our unqualified approbation.

Strictly speaking, as contended by the counsel of the appellants, an attachment gives no privilege upon the property attached, for it may be dissolved, the property, bonded or otherwise, relieved from the attachment.

The Code of Practice, however, gives the following effect to a writ of attachment: The sheriff must seize and detain so much of the debtor's property, as may be equal in value to the amount claimed in the suit. Art. 256. He must take charge and keep possession of all the goods and effects which he may have attached (art. 257) ; and the plaintiff may, after other proper steps, procede to obtain judgment, and, on execution of the same, have so much of the property attached sold, as will suffice to satisfy his judgment. Art. 265. The preceding article, 264, is equally explicit to the same effect.

Now, all his diligence in ascertaining and establishing the grounds for his attachment; in searching out and, as in this case, by an expensive suit, attended with some risk, subjecting property fraudulently covered from creditors by a fictitious sale ; in going through a tedious and expensive suit to establish his claim and obtain judgment, would be nugatory, if another creditor, during the delay, might step in and take the property attached by an execution, and obtain payment by privilege, without any other cause of preference than the seizure. The law never intended such an absurdity. In this case, the plaintiffs, though they sued and attached first, would have to give up the property and go to New York to sue, after all their expense and trouble, which would inure to the benefit of those who sued and attached last, instead of subjecting the last to the necessity of seeking their claim abroad. The sense of right implanted in every bosom, would repudiate such injustice.

The true principle is this: that the creditor who is most diligent and uses the process of law to secure his rights, cannot be deprived of the beneficial effects

<div style="float:right">BECK<br>*v.*<br>BRADY.</div>

of that process, by one less diligent in using it. One who has no better right at the time, that is no privilege, mortgage or lien, cannot subsequently acquire either, so as to defeat the process of law in his favor. He does not claim a privilege strictly so called, but that the beneficial effects of the process of law in his favor, should not be rendered nugatory by process subsequently issued in favor of another ordinary creditor ; or, which is the same thing, by a privilege subsequently acquired by mere process of law.

The principle may be illustrated by reference to another provision of our code. Payment to the prejudice of an attachment cannot be made. Now, the creditor by execution and seizure, acquires the rights of his debtor upon the property seized, and no more. But the debtor could not dispose of the property for payment, to the prejudice of the attachment, and therefore his creditor cannot, by seizing and selling it, take the proceeds to the prejudice of the attachment.

It is strenuously contended, that the French text of article 724 of the Code of Practice, conflicts with our view of the effect of articles 264 and 265 of that code. If so, we would say with the late Chief Justice Martin, in the case of *Emerson v. Fox et al.* : "We cannot allow it to prevail in a manner that will contradict the evident and manifest intention of the Legislature, in these two articles, and enable the defendants to destroy the effect of the attachment."

So, also, if the effect given to these articles conflicts, as contended, with the provision of the Civil Code, that causes of preference in payment cannot exist unless allowed by that code, we should consider that the articles of the Code of Practice should prevail over the Civil Code, because subsequently adopted.

The judgment of the district court is affirmed, with costs.