## No. 13,816.

MR. AND MRS. J. R. GRINAGE VS. TIMES-DEMOCRAT PUBLISHING COMPANY.

### SYLLABUS.

1.  The rule is that an act of the General Assembly must be held constitutional unless its repugnance to the organic law is apparent and reasonably certain.
2.  Courts are not justified in holding a statute void because of mere doubts arising on the construction of the two—the statute and the Constitution— the one in reference to the other.
3.  That construction must obtain which would give the statute constitutional life rather than another construction, of which it might be susceptible, which would strike it with constitutional death.
4.  The constitutional declaration that the courts shall be open, and every person, for injury done him in his rights, lands, goods, person or reputation, shall have adequate remedy by due process of law, etc., is not to be understood as taking from the Legislature the power to prescribe reasonable rules and regulations relative to the costs incurred in litigation.
5.  Regulating the collection of costs due to clerks of courts and other officials ( a phrase found in the title of the act assailed), is a term broad enough to cover the requirement of security for costs which the statute authorizes the defendant to exact of the plaintiff.

A PPEAL from the Civil District Court, Parish of Orleans— *Theard, J.*

*E. A. O'Sullivan,* for Plaintiffs, Appellants.

*Clegg & Quintero,* and *Lawrence O'Donnell,* for Defendant, Appellee.

The opinion of the court was delivered by

BLANCHARD, J. Plaintiffs appeal from a judgment dismissing their suit.

This action of the trial court came about in this way:—

Counsel for defendant, suggesting to the court that the taking of testimony in the case and the proceedings to be had therein would

involve considerable expense, and that defendant was entitled to be protected by bond and security for costs, moved for an order on plaintiffs to furnish bond and security in the sum of fifty dollars, or in default thereof that their suit be dismissed.

The court granted the order, predicating its action upon Section 4 of Act 136 of 1880.

Whereupon, plaintiffs took a rule upon defendant to show cause why the order should not be set aside and annulled, alleging as grounds for such annulment the unconstitutionality of the Section of the Act referred to.

The trial of this rule resulted in the denial of its prayer, and, thereupon, counsel for defendant moved for the dismissal of plaintiffs' suit because of failure to furnish the bond and security for costs within the time fixed by the court.

This motion prevailed and judgment of dismissal was entered up.

Act 136 of 1880 is an act to fix the fees of the clerks of the Civil and Criminal District Courts of the Parish of Orleans, and those of the other officials of that parish, *to regulate the collection of said fees,* and directing other things germane and pertinent to the subject matter of the fees, and their collection, of the officers named in the act.

The title to the Act is a long one. It is not necessary to recite it in full. That portion of it with which we are called upon presently to deal is embraced in the words italicised above.

Section 4 of the Act enacts that the defendant in any cause shall have the right to require the plaintiff to give bond for costs, in such amount as the court may fix, to secure repayment, on final determination of the suit, of the costs expended by such defendant therein.

It further provides that the order requiring such security shall issue *ex parte* on the application of the defendant, and no further proceedings shall be had in the cause until the security be furnished; that the court shall fix the delay within which the bond is to be given and the failure to give it within such delay shall operate a dismissal of the suit as in case of non-suit; that in all cases the security for cost shall be considered a party to the suit and shall be condemned *in solido,* with the principal, for the amount of costs recoverable.

The contention of the appellants is that the Act of 1880 contravenes Art. 29 of the Constitution of 1879 in this, that it embraces more than one object, and that the body of the Act, in its Section 4, deals with a matter not set forth in its title.

They hold that the title to the act cannot fairly be construed to embrace within its grasp, in the constitutional intendment, the subject matter and object set forth in Section 4, and that, therefore, Section 4 is to be eliminated from the law as without constitutional warrant and validity.

The rule is that an act of the General Assembly must be held constitutional unless its repugnance to the organic law is apparent and certain.

Courts are not justified in holding a statute void because of mere doubts arising on the construction of the two—the statute and the Constitution—the one in reference to the other.

If nothing more than a doubt is cast upon its constitutional validity, such doubt must be resolved in favor of its validity, and the statute sustained.   That construction must obtain which would give it constitutional life, rather than another construction, of which it might be susceptible, which would strike it with constitutional death.

The constitutional declaration that the courts shall be open, and every person for injury done him in his rights, lands, goods, person or reputation shall have adequate remedy by due process of law, etc. (Art. 6, Const. of 1898), is not to be understood or construed as taking from the Legislature the power to prescribe reasonable rules and regulations relative to the costs incurred in litigation.   Succession of Groves, 49 La. Ann. 1051.

When a person is impleaded in the courts his right to make defense thereto arises and he, necessarily, in many cases, incurs expense. While a plaintiff is primarily bound for the costs of a suit he institutes, it is not always true that he is financially able to respond.   A defendant may make large outlays in vindicating his position, and may successfully vindicate it, and yet at the end of the suit, with a judgment discharging him, may be unable to recoup his expenditures.

Therefore it is, that the requirement of a bond for costs has always been sustained.   It may take the form of authorizing or requiring the clerk of court to exact of the plaintiff a bond for all costs, or it may take the form of authorizing the defendant to exact of the plaintiff a bond to cover the costs which he (defendant) may incur in his defense.

Either would be a reasonable provision of law.

The statute under consideration authorizes the defendant to exact a bond for costs.   The act is one dealing with the fees of clerks and

sheriffs of certain courts. All, or a large part, of the expenses defendant may incur in its defense may be costs due to those officials.

How, then, can it be claimed that giving the defendant the right to demand of the plaintiff security for his costs is not covered by the words in the title of the act:—"to regulate the collection of such fees?"

*Regulating* the collection of costs is a term broad and comprehensive enough to cover the requirement of security for costs, and as defendant may incur obligation for costs and pay out money for costs in the preparation of its defense, it is not without the pale of the title of the act when the body thereof authorizes the exaction from plaintiffs of a bond for the costs it may expend.

The bond, even though exacted at the instance of defendant, enures, at last, to the benefit of the clerk and sheriff, and is, therefore, pertinent and germane to the subject with which the act deals, to-wit:—the costs of those officials. See Hope *et als*. vs. City of New Orleans, 30 South, 842.

Judgment affirmed.