(46 South. 623.)

No. 17,118.

STATE v. ABRAMS.

In re ABRAMS.

(June 8, 1908.)

STATUTES—TITLE OF ACT — CONSTITUTIONAL LAW.

    Act No. 57, p. 81, of 1898, relating to the use of slot machines, does not embrace more than one object, nor is the text broader than the title, within the meaning of article 31 of the Constitution.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, §§ 123, 158.]

    (Syllabus by the Court.)

Herman Abrams was convicted of operating a slot machine, and applies for writs of

certiorari and prohibition.  Application denied.

See 119 La. 981, 44 South. 807.

Hudson, Potts & Bernstein, Oliver Cromwell Dawkins, and Allan Sholars, for relator. Respondent judge, pro se.

MONROE, J.  Relator, having been convicted under Act No. 57, p. 81, of 1898, of operating a slot machine and permitting a minor "to play same for money, stock, and merchandise," etc., and having been sentenced to pay a fine of $50, or suffer imprisonment for 20 days, and having applied for a new trial, which was denied, now appeals to this court for relief, on the ground, set up in the lower court, that the statute in question contravenes article 31 of the Constitution in that its title "contains more than one object," and that section 3, under which he was convicted, contains an object not expressed in the title.

The objection is more specifically stated by relator's counsel, in their brief, as follows: That the act is entitled "An act to prohibit gambling, with slot machines, for money prizes, and to prohibit minors from playing same, for either stock or money, and providing penalties therefor," which title expresses the two objects:  First, to prohibit gambling with slot machines, for money;  second, to prohibit minors from playing slot machines, for either stock or money—and that, whereas, the second object expressed in the title is "to prohibit minors," etc., section 3 of the act, being the only section which refers particularly to minors, provides:

"That any owner or proprietor of any slot machine or persons operating the same who shall permit any minor to play the same, either for money, stock, or merchandise, shall be guilty of a misdemeanor," etc.

We agree with the learned judge, made respondent herein, that the purpose of the act in question is to regulate and restrict the use of slot machines, and we think it was competent for the lawmakers, in the accomplishment of that general purpose, to discriminate between the use of such machines by minors and majors, and in playing for money or stock.  Board of Medical Examiners v. Fowler, 50 La. Ann. 1365, 24 South. 809; State v. Baker, 112 La. 803, 36 South. 703; State v. De Hart, 109 La. 574, 33 South. 605.

The regulation of the use of the machine naturally includes the persons and purposes by and for which it may be used, and, although the title does not declare that a penalty shall be imposed upon the owner for allowing a minor to play the machine, neither does it declare that such penalty shall be imposed upon him for allowing a major to do so.  It however contains the announcement that penalties are provided for a violation of its provisions, and such announcement, we think, is reasonable notice to those who own the machines, the use of which the act purports to regulate and restrict, that such penalties may be imposed on them, which is all that the Constitution demands in requiring that the object of a law shall be expressed in its title.  State v. Baker, 112 La. 803, 36 South. 703; Dehon v. Lafourche Levee Board, 110 La. 773, 34 South. 770; Grinage v. Times-Democrat Publishing Company, 107 La. 121, 31 South. 682; State ex rel. Wynne v. Judge, 106 La. 400, 31 South. 14.

It is therefore ordered, adjudged, and decreed that relator's application be denied, and this proceeding dismissed, at his cost.