(101 South. 130)

Nos. 26520, 26584.

TONAHILL v. MOLONY, Superintendent of Police.

In re MOLONY.

(April 30, 1924. Rehearing Denied by the Whole Court June 7, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Gaming** ⬤⟿68(3)—**Slot machines indicating payment on next play held nevertheless "gambling devices."**

Nickel slot machines which after each play dispensed a package of mints and indicated the number of checks or coupons which it would pay on the next play *held* gambling device within Act No. 7 of 1908, notwithstanding the player could at all times see what he would receive for his nickel.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Gambling Device.]

2. **Injunction** ⬤⟿85(1) — **Equity may not restrain enforcement of valid criminal statute.**

Though equity powers are available to prevent destruction or confiscation of innocent person's property, they do not extend to the granting of an injunction to prevent enforcement of a valid criminal statute.

3. **Injunction** ⬤⟿223(1)—**Officer held not in contempt for seizure of gambling devices, notwithstanding injunction.**

Police officer *held* not guilty of contempt for seizure of slot machines constituting gambling devices, notwithstanding prior injunction against seizure of slot machines so described as not to constitute gambling devices.

St. Paul, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Percy Saint, Judge.

Suit by Joseph E. Tonahill for injunction against Guy R. Molony, Superintendent of Police. From an order dissolving temporary writ, plaintiff was granted a suspensive appeal, pending which he proceeded by rule to have defendant adjudged guilty of contempt for violation of the injunction, whereupon defendant was granted writ of certiorari and alternative writ of prohibition. Argument on appeal was set for same day on which writ of prohibition was made returnable. Judgment or order dissolving writ of injunction affirmed, and alternative writ of prohibition made absolute.

L. H. Gosserand, of Gretna, for plaintiff.

Ivy G. Kittredge, City Atty., and Wm. E. Westerman, Asst. City Atty., both of New Orleans, for defendant.

By the WHOLE COURT.

O'NIELL, C. J. This case is before us on writs of certiorari and prohibition, as well as on appeal from an order dissolving a writ of injunction. The writ forbade the chief of police and the other members of the police department to seize or confiscate certain slot machines belonging to the plaintiff, which he called "automatic mint venders."

It was alleged in the petition that the policemen were ruining plaintiff's business by prosecuting the keepers of the slot machines and by taking possession of the machines themselves. It was admitted in the petition that a state statute (Act 107 of 1908) made the operation of gambling slot machines a misdemeanor, but it was alleged that the slot machines, or so-called "mint venders," which plaintiff had installed in the various public places in the city, were not gambling devices. It was alleged that there was no element of chance in the playing of the machines, meaning the dropping of a nickel into the slot and receiving a mint tablet, be-

cause an indicator on the machine showed, before the player parted with his nickel, "the full value and amount of what he would receive for his money." On those allegations, verified by the oath of the plaintiff, the judge of division C of the civil district court, acting for the judge of division F, who was absent on leave, issued the temporary injunction, ex parte and without previous notice to the defendant, forbidding the police officers to seize or take possession of any of the so-called automatic mint venders described in the plaintiff's petition.

On the return to duty of the judge of division F, to whose division the case had been allotted, the defendant chief of police filed a motion to dissolve the injunction on the ground that the petition did not show affirmatively that the plaintiff's slot machines were not gambling devices, that in truth they were gambling devices, and that the civil district court therefore did not have the equity jurisdiction or authority to stop the enforcement of the criminal statute forbidding the operating or keeping of such gambling devices. Having heard argument on the motion, the judge dissolved the injunction. Thereupon plaintiff asked for and was given a suspensive appeal to this court from the order dissolving the writ. Notwithstanding the appeal, the policemen, acting under orders from the chief, proceeded to take possession of plaintiff's slot machines, claiming that they were gambling devices, and that it was the police officers' duty to arrest the keepers of such devices and to take possession of the devices themselves, to be used as evidence in the prosecutions.

The plaintiff then proceeded by rule, in division F of the civil district court, to have the chief of police adjudged guilty of contempt of court, and to have him punished therefor. On the day before the contempt proceedings were to be heard the city attorney, for the chief of police, presented a petition to this court, setting forth the facts which we have stated, and asked for and was granted a writ of certiorari and an alternative writ of prohibition, to prevent further proceedings in the civil district court until the appeal from the order dissolving the injunction could be heard. At the same time the city attorney, for the chief of police, asked to have the appeal put on the preference docket and advanced to the earliest date on which it could be heard. The order was granted, assigning the appeal for argument on the day on which the writ of prohibition was made returnable.

[1] In his argument in this court plaintiff's attorney gave a description of the operation of his slot machines which convinces us that they are gambling devices. Besides the mint tablet, which is given for every nickel that is dropped into the slot, the machine sometimes throws out coupons, or checks, redeemable in merchandise. It is true, the indicator shows, in advance of the dropping of the nickel into the slot, exactly how many, if any, coupons or checks the player will receive for his nickel; but there is where the gambling comes in. The player gambles not on the immediate return for the nickel he drops, but on the hope that the indicator will show a profit on his next nickel.

If this description of the operation of plaintiff's slot machines had been given as accurately and completely in his petition for the injunction as it was in the argument of his attorney, the judge to whom the petition was presented would not have granted the injunction. The equity jurisdiction of the court was exercised under a misunderstanding, on the part of the judge, brought about by the failure of the plaintiff or his attorney to give a better description of his slot machines, or of their modus operandi, in his petition for the injunction. When that defect or omission of the petition was brought to the attention of the judge of the

civil district court it was his duty to dissolve the writ of injunction.

[2] It is not necessary to cite authority for the proposition that the equity jurisdiction of the courts does not extend to the granting of an injunction to prevent an enforcement of a valid criminal statute by a police officer. But the equity powers of the courts are available to prevent a destruction or confiscation of an innocent person's property by a police officer, misapplying a criminal statute. If the petition in this case showed affirmatively and if there was no admission to the contrary that plaintiff's so-called mint venders were not gambling devices, that they were like the stamp sellers and match sellers that we see at the news stands and cigar stands, the order dissolving this injunction would be wrong. But, from the allegations of the plaintiff's petition, as explained in the argument of the case, the injunction should not have been granted.

[3] By granting a suspensive appeal from the order dissolving the injunction, and then ruling the chief of police into court to show cause why he should not be punished for contempt of court for taking possession of the slot machines which the judge had ruled were gambling devices, the judge made it seem that the police officers were forbidden to perform their duty, to seize gambling slot machines. Of course, that was not the judge's intention, because the writ of injunction was so worded that the police officers were not forbidden to seize gambling slot machines. They were only forbidden to seize slot machines like those described in the plaintiff's petition; and, as far as the description in the petition went, the so-called mint venders were not gambling devices.

Under the circumstances, the chief of police should not be deemed guilty of contempt of court for seizing gambling slot machines. He has disclaimed any idea of having contempt or lacking respect for the orders of the civil district court.

Perhaps it would be more appropriate for us to remand the case and let the judge of the civil district court declare the defendant not guilty of contempt. But that would be an idle ceremony. We prefer to put an end to the case now.

The judgment or order appealed from, dissolving the writ of injunction, is affirmed, and the alternative writ of prohibition is made absolute. The appellant, Tonahill, is to pay all costs.

ST. PAUL, J. (dissenting). Under the first number (26520) plaintiff appeals from a judgment dissolving an injunction. He swore (whether truly or falsely is presently immaterial) that he was owner and operator of certain nongambling, mint-vending slot machines, which defendant was about to seize and destroy. The injunction issued; defendant moved to dissolve; the motion was tried on the face of the papers; the injunction was dissolved, and plaintiff appealed.

Which brief statement of the substance of the matter suffices to show that the judgment appealed from is *manifestly* erroneous, and should be reversed.

Under the second number (26584) the defendant complains that, having decided (for himself) that the alleged mint-vending slot machines were gambling devices, he had seized the same in the face of said injunction; that the trial judge had ruled him into court to show cause why he should not be punished for contempt; that the trial court was without jurisdiction because said alleged mint-vending slot machines were in fact (as found by himself) mere gambling machines, which fact had also been established to the satisfaction of *some other court* in a proceeding against *some other parties.* Wherefore he prays that this court should issue a prohibition to the trial judge for-

bidding him (the trial judge) to proceed any further in the matter.

And, this court having found, *from a description of the machines given at the bar of this court by counsel for plaintiff*, that the defendant had correctly decided (for himself) that the machines were in fact mere gambling devices, approved the course pursued by said defendant and forbids the trial judge *even to inquire into* his said conduct, in which approval I do not concur.

*Haud equidem invideo, miror majis!*

I therefore dissent.

Rehearing refused by the WHOLE COURT.