(107 So. 770)

No. 27708.

**ITEM CO., Limited, v. NU–GRAPE BOT-TLING CO., Inc.**

(March 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Receivers** ⬳77(3)—**Sheriff's possession of property under valid seizure in execution cannot be divested by subsequent appointment of receiver for judgment debtor, without allegation of fraud or special interest in property.**

Sheriff's possession of property under a valid seizure in execution of judgment cannot be divested by subsequent application for and appointment of receiver for judgment debtor, in absence of allegation of fraud or special interest in property.

2. **Receivers** ⬳69 — **Rules for surrender of property in bankruptcy or cession of property for benefit of creditors do not apply to receivership (Code Prac. art. 722; Civ. Code, art. 3185).**

Rules under Code Prac. art. 722, and Civ. Code, art. 3185, applicable to surrender of property, either in bankruptcy, or by cession of property for benefit of one's creditors, do not apply to receivership.

3. **Statutes** ⬳231.

Where articles of Civil Code and Code of Practice conflict, latter prevails.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by the Item Company, Limited, against the Nu-Grape Bottling Company, Inc., in which defendant's property was seized after judgment for plaintiff under writ of fieri facias. Rule restraining further proceedings in execution of plaintiff's judgment was made absolute, and plaintiff suspensively appealed. Judgment annulled and set aside, and rule dismissed.

Blouin & Deutsch, of New Orleans, for appellants.

W. O. Hart, of New Orleans, for appellee sheriff.

Weiss, Yarrut & Stich, and Herbert W. Kaiser, all of New Orleans, for appellee receiver.

BRUNOT, J. The plaintiff obtained a judgment against the defendant. There was no appeal therefrom, and after the judgment became final a writ of fieri facias issued, and the civil sheriff seized thereunder certain movable property belonging to the defendant. A few days after service of notice of the seizure upon defendant, a creditor applied for and the court appointed Harry H. Forst receiver of the defendant company. The receiver qualified, and, on his motion, the plaintiff and civil sheriff were ordered to show cause why further proceedings in execution of plaintiff's judgment should not be arrested, and why the property seized under the writ should not be surrendered to the receiver, to be administered in due course. The rule was heard, it was made absolute, and plaintiff suspensively appealed from the judgment.

While the case was pending on the appeal, application was made to this court by the civil sheriff, and by the plaintiff, as intervener therein, for writs of prohibition and certiorari. The writs issued, and in due time they were perpetuated. This proceeding bears our docket No. 27695, and is entitled: "Item Co., Limited, v. Nu-Grape Bottling Co., Inc. In re Civil Sheriff Applying for Writs of Prohibition and Certiorari to Civil. District Court, Parish of Orleans." 107 So. 471.[1] In that proceeding the concluding reasons of the court and its decree are as follows:

"For the rest, our learned brother of the district court erred in his judgment directing that all proceedings under plaintiff's judgment 'be immediately arrested and stayed,' and ordering that all the property and effects under seizure by virtue of the execution issued thereunder 'be surrendered forthwith' to the receiver.

"This was, of course, even more immediately effective than an injunction against further proceeding with said execution, and this court said in Duval v. T. P. Ranch Co., 91 So. 656, 151 La. 142 (citing authorities too numerous to be repeated here), that: 'It is well settled that a receiver cannot enjoin the execution of a judgment wherein the seizure occurred prior to his ap-

[1] Ante, p. 631.

pointment, in the absence of allegations of fraud, or special interest in the property seized.'

#### Decree.

"The writs herein issued are therefore perpetuated; the judgment of the lower court arresting and staying proceedings under the judgment in favor of plaintiff, and directing the sheriff to surrender the property seized to the receiver, is annulled and set aside; and it is now ordered that the rule taken by the receiver be dismissed, at his cost in both courts."

The sole question which is presented in this case is whether the lien acquired by a valid seizure of the debtor's property under a fieri facias is divested by the subsequent application for and appointment of a receiver for the debtor, or whether the sheriff, thus in possession of property, may retain possession of it and sell it to satisfy the judgment of the seizing creditor. That question is directly answered by this court, through its organ, Justice St. Paul, in the decree which we have just quoted. That decree annuls the judgment of the lower court from which this appeal was taken, and it dismisses the receiver's application for the relief there sought.

[1] The briefs of counsel were filed in this case before our opinion in No. 27695, Item Company, Ltd., v. Nu-Grape Bottling Company, Inc., In re Civil Sheriff, applying for writs, was handed down. As the judgment in that case annulled the judgment from which this appeal is prosecuted, and as we adhere to the view that the weight of authority in this country supports the doctrine that the sheriff's possession of property held under a valid seizure, in execution of a judgment, cannot be divested by the subsequent application for and the appointment of a receiver for the judgment debtor, in the absence of an allegation of fraud, or special interest in the property, this case has already been adjudged. Justice St. Paul said in the opinion from which we have quoted:

"There is no reason why we should take two bites at the same cherry; 'we prefer to put an end to the case now,' as we have erstwhile had occasion to do. Tonahill v. Molony, 101 So. 130, 156 La. 753."

[2, 3] But inasmuch as counsel for the receiver has cited cases growing out of bankruptcy proceedings and the appointment of syndics, and has directed the court's attention to the conflict between article 722 of the Code of Practice and article 3185 of the Civil Code. we will say that the rules applicable to a surrender of property, either in bankruptcy, or by a cession of property for the benefit of one's creditors, do not apply to a receivership; and, where articles of the two Codes are in conflict, it has been held that the article of the Code of Practice prevails. Beck & Co. v. Brady, Brown & Co., 7 La. Ann. 1; 44 Cent. Dig. Statutes, Sec. 243.

For the foregoing reasons, it is ordered that the judgment appealed from be annulled and set aside, and the rule taken by the receiver dismissed, at the receiver's cost in both courts.

ROGERS, J., takes no part.

---

#### (107 So. 772)