## ASHCRAFT v. HEALEY, Superintendent of Police.

Circuit Court of Appeals, Fifth Circuit.
December 19, 1927.

On Application for Rehearing, January 20, 1928.

No. 5066.

**1. Injunction ⬤⟹105(1)—Equity court may enjoin criminal prosecution, where necessary to protect property rights.**

Court of equity has jurisdiction to enjoin prosecution for crime, when necessary to protect property rights.

**2. Injunction ⬤⟹118(3)—Bill to enjoin repeated seizures of slot machines by police held to state cause of action in equity.**

Bill to enjoin repeated seizures by police of slot machines owned by complainant, and prosecutions against him and others for operating the same, *held* to state a cause of action in equity, even if complainant's device is susceptible of being used for gambling, in violation of Act La. 107 of 1908, §§ 1, 2.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Suit in equity by James B. Ashcraft against Thomas Healey, Superintendent of Police. From a decree denying a preliminary injunction and dismissing bill, complainant appeals. Denial of injunction affirmed, and dismissal of bill reversed.

C. S. Hebert, of New Orleans, La., for appellant.

Bertrand I. Cahn, City Atty., and Henry B. Curtis, Asst. City Atty., both of New Orleans, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an appeal from a judgment dismissing a bill seeking an injunction to prevent the superintendent of police of New Orleans from repeatedly arresting plaintiff in error, plaintiff below, for alleged violations of a state statute which prohibits the use of slot machines as gambling devices. The parties will be referred to as they appeared in the District Court.

The bill substantially alleges as follows: Plaintiff owns a number of automatic mint-vending machines, which are placed in various commercial establishments on a profit-sharing basis. Assuming that the said machine was a gambling device, in contravention of a Louisiana law (Act 107 of 1908), the defendant seized about 184 of the machines in the hands of plaintiff and others, and 18 criminal prosecutions were inaugurated against plaintiff and the other parties operating the machines. The case against plaintiff was tried as a test case, and resulted in an acquittal. Thereupon the district attorney dismissed the other prosecutions and the machines were returned. Thereafter defendant, through one of his subordinate captains, without a warrant, arrested one Jules Galatas, in whose place of business one of plaintiff's machines was being operated, and seized the said machine.

The bill specifically alleges that plaintiff's machine is not a gambling device, and that defendant acted arbitrarily and without au-

thority in seizing it. The bill shows sufficient jurisdictional amount and diversity of citizenship, as well as setting up a violation of plaintiff's rights under the Constitution of the United States.

A rule nisi issued to defendant, and he filed a motion to dismiss the bill, upon the ground that it disclosed no right or cause of action. On the hearing affidavits were submitted by both sides, those of plaintiff tending to show that the machine was devoid of any gambling feature, and delivered a package of mints of standard quality of full value for each five cents deposited, while those on behalf of defendant tended to show that the machine could be used as a gambling device, but there was nothing to show that it had been so used at any time. A preliminary injunction was denied, and the bill was dismissed, without a hearing on the merits.

[1] Courts of equity are ordinarily without jurisdiction to restrain a prosecution for crime, but a distinction is made where it is necessary to protect property rights. Philadelphia Co. v. Stimson, 223 U. S. 605, 32 S. Ct. 340, 56 L. Ed. 570, and authorities therein cited. Section 1 of Act 107 of 1908 makes it a misdemeanor for any one to gamble with a slot machine or similar mechanical devices, and section 2 of the said act also makes it an offense for the owner or proprietor of any premises or building where business of any nature is conducted to 'have on the premises a slot machine used in violation of section 1, but does not penalize the mere possession of one that may be so used. In Tonahill v. Molony, 156 La. 753, 101 So. 130, in construing this law, the Supreme Court of Louisiana held that it does not apply to slot machines used solely for the vending of merchandise. In that case, however, the court found that, in addition to mint, the machine sometimes delivered checks redeemable in merchandise, and held this made it a device used for gambling.

[2] The affidavits submitted on the hearing were conflicting as to the possibility of the machine being used for gambling, but their probative value was necessarily confined to the application for an interlocutory injunction. Furthermore, they do not show a violation of the act. It may be that the device is susceptible of being used for gambling; but that is not enough to make it illegal. A trial on the merits may demonstrate that it was so used. As to this we express no opinion.

There is no doubt that the allegations of the bill show a cause of action cognizable in equity to prevent the repeated prosecutions of plaintiff and the seizure of his property without legal proceedings. The judgment dismissing the bill without a trial on the merits deprived plaintiff of his day in court and was wrong. That judgment will be reversed. The granting of an interlocutory injunction was within the sound discretion of the District Court, and with that we see no reason to interfere. The case will be remanded for further proceedings not inconsistent with this opinion. Costs of appeal to be divided equally.

Affirmed in part.

Reversed in part.

### On Application for Rehearing.

PER CURIAM. The judgment on appeal will be amended, to reserve to appellant the right to again apply to the District Court for a restraining order and an interlocutory injunction pendente lite.

Rehearing denied.