## TILLITSON v. MILMORE.

District Court, D. Massachusetts. February 8, 1929.

No. 3070.

James H. Vahey, of Boston, Mass., for plaintiff.

Robert T. Bushnell, Dist. Atty., of Boston, Mass., for defendant.

LOWELL, District Judge. This bill in equity was brought by a citizen of Illinois in a suit involving more than $3,000 to enjoin the chief of police of Watertown, Mass., from taking proceedings to confiscate the plaintiff's coin-controlled vending apparatus as a gambling device. There is no allegation that the applicable Massachusetts statute is unconstitutional.

The question of jurisdiction arises at the outset. Although in the form of a civil suit, this is in its essence a proceeding under the criminal laws of the state of Massachusetts to test the question whether the plaintiff's apparatus is a gambling device. Over such laws this court has no jurisdiction.

The District Court is given jurisdiction on account of diversity of citizenship only over civil actions (USCA tit. 28, § 41; Ferguson v. Ross [C. C.] 38 F. 161, 3 L. R. A. 322; Indiana v. Alleghany Oil Co. [C. C.] 85 F. 870), and the courts of one country will not enforce the penal statutes of another country (The Antelope, 10 Wheat. 66, 6 L. Ed. 268).

Only two cases were cited which were similar in their facts to the case at bar. In Gardner v. Daugherty (D. C.) 10 F.(2d) 373, Judge Tuttle decided that certain slot machines were gambling devices. Apparently the question of the jurisdiction of the court was not brought to his attention, as his short opinion does not mention it.

The other case is Ashcraft v. Healey (C. C. A.) 23 F.(2d) 189, where an injunction was granted to prevent a chief of police from confiscating the plaintiff's slot machines, but in that case the state court had already decided that the machines were not gambling devices, so that it was a case where the plaintiff had a right under the Constitution of the United States to prevent illegal destruction of his property. It was not a case where the United States court was determining the effect of a penal statute of the state, as this had already been passed on by the state courts.

The bill is dismissed for lack of jurisdiction.