COLONIAL COUNTRY CLUB v. PAUL

(March 7, 1932. Opinion and Decree.)

Rolf I. Seeberg, of New Orleans, attorney for plaintiff, appellee.

Eugene S. Hayford, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is a suit by a private club against one of its members for annual dues for the year 1930 in the sum of $137.50. It is defended upon the ground that the club is the beneficiary of gambling devices, in that it operates four slot machines, out of which it derives some profit and that, therefore, no recovery can be had upon a claim based upon a gambling transaction.

There was judgment below as prayed for, and defendant has appealed.

The record indicates that the plaintiff maintains a golf course and clubhouse, and that in the men's locker room there are four slot machines, the profits derived from the operation of which are turned in to the general fund of the club.

It must be conceded that the operation of a slot machine is contrary to the law of this state. See Act No. 57 of 1898, as amended by Act No. 107 of 1908; State v. Abrams, 121 La. 550, 46 So. 623; Tonahill v. Molony, 156 La. 753, 101 So. 130. If this suit grew out of the operation of those machines, or had any relation to such operation, the plaintiff would have no standing in court, because gambling is contrary to the settled public policy of this state, is reprobated by law, and courts will not concern themselves with transactions contra bonos mores. Cooper v. Thompson, Adams & Thayer, 20 La. Ann. 182, 96 Am. Dec. 392; Fox v. City of New Orleans, 12 La. Ann. 154, 68 Am. Dec. 766; Louisiana State Bank v. The Orleans Navigation Co. et al., 3 La. Ann. 294.

But, however objectionable the practice of permitting slot machines upon the club's premises may be, this suit has no relation to the slot machines. It is one brought by a private club against a member for dues, which, in the aggregate, are used for the maintenance of the golf course and clubhouse in connection therewith. The revenue derived from the operation of the golf course, according to the record, amounts to the sum of $100,000 per year, whereas the revenue from the slot machines is about $3,600 a year, so that the slot machines are but incidental and in no way connected with the main purposes of the club, which are athletic, social and recreational, as stated in its charter. Defendant, or any other member who objects to the slot machines, should either resign, or, if he wishes to retain his membership, appeal to the governing authorities of the club to correct objectionable or illegal practices. In the instant case the defendant is shown to have been a member of the club for four years. He remained in the club, had the privilege of using its facilities and did not resign or request the officials of the club to have the slot machines removed. Therefore, he must pay his share of the club's maintenance represented by the annual dues.

For the reasons assigned the judgment is affirmed.