## HANKINS v. SALLARD et al.
### No. 1983.

Court of Appeal of Louisiana. First Circuit.

May 4, 1939.

Irion & Switzer, of Shreveport, and Albritton & Ware, of Baton Rouge, for appellant.

Fred G. Benton, of Baton Rouge, for appellee.

OTT, Judge.

On November 2, 1938, Oscar Sallard, Jr., secured a judgment against the Imperial

Life Insurance Company in the district court of Caddo Parish for $1,000 and interest thereon at six per cent per annum from June 2nd, 1937. A writ of fieri facias was issued on this judgment directed to the sheriff of East Baton Rouge Parish, and under this writ garnishment proceedings were served on A. P. Tugwell, State Treasurer, on November 18, 1938, seizing the funds deposited by this insurance company with the State Treasurer in the sum of $24,873.27.

On November 17, 1938, the day before the garnishment proceedings were served on the State Treasurer, a judgment was signed in the district court of Caddo Parish, the domicile of · the insurance company, enjoining the .company from further engaging in the insurance business in this state, and appointing W. N. Hankins receiver, with full power to take possession of its property and settle its affairs.

This proceeding is by the Receiver against the seizing creditor, Sallard, the Sheriff of East Baton Rouge Parish and the State Treasurer to enjoin them from taking any further steps in the garnishment proceedings, to annul and set aside said proceedings, and to recognize the right of the Receiver to take possession of . the funds and securities belonging to said insurance company on deposit with the State Treasurer, and ordering the latter to . deliver said funds and securities to the Receiver. The judgment creditor contends that the Receiver has no right to secure possession of the securities deposited with the State Treasurer as these securities were deposited under the law for the specific purpose of paying the claim of Sallard, and other policy holders of the insurance company.

Judgment was rendered annulling the garnishment proceedings and recognizing the right of the Receiver to take possession of the securities in the hands of the State Treasurer to be administered for the benefit of all the policy holders of the insurance company. The seizing creditor, Sallard, has appealed.

It is claimed by the judgment creditor that he obtained a lien and preference on the funds of the insurance company deposited with the State Treasurer ·by reason of the judgment obtained before the receiver was appointed, and because of the fact that the deposit is a trust fund to secure his claim as the beneficiary of a policy issued by the company, citing Doane v. Millville Mutual & F. Insurance Company, 43 N.J.Eq., 522, 11 A. 739, and Ruling Case Law, Vol. 23, Page 50, section 53. The citation from Ruling Case Law reads as follows: "On the insolvency or dissolution of a corporation, the disposition of securities theretofore deposited by it with the state authorities must necessarily depend on the construction of the various statutes governing such matters. But the decisions seem to indicate a disposition, if not a settled rule, on the part of the courts, to hold that the state official cannot be compelled to turn the deposit over to the receiver, unless the statute either, in plain words or by implication, so directs. The reason underlying such rule is that the state officer has been by law made trustee of the fund for a special use, and in the absence of fraud on the part of the trustee the court has no power to hinder him from performing his trust. If this is true with regard to insolvent corporations, with far greater reason must it be true in the case of a solvent corporation. In case the state officer held more funds than were required to fulfil the trust, the reason for the rule would be lacking as to the excess, and in such case the rule would probably to that extent not be applied. However, in some jurisdictions it has been held that where a corporation has become insolvent, a fund deposited by it with the state authorities should be distributed, under the direction of the court, by the receiver of the corporation. By whomsoever they may be distributed, the funds so deposited by an insurance corporation are deemed trust funds for the benefit of the policy holders of the corporation, and on its insolvency or dissolution the claims of the policy holders are prior to those of the general creditors."

The rendition of a judgment in favor of a policy holder against an insurance company does not give the judgment creditor any lien and privilege on any specific movable property or assets of the company under the laws of this State. The privileges existing . on movable property which are preserved without recordation under Article 19, section 19, of the Constitution are those privileges created by law. Under Article 722 of the Code of Practice the creditor does acquire a privilege on the movable seized which entitles him to a preference over other creditors, unless the debtor has become bankrupt previous to the seizure. A seizure under

garnishment process takes effect from the date of the service of the interrogatories by the sheriff. Code of Practice, Article 246.

 If the seizure of the funds in the hands of the State Treasurer had been made before the receiver was appointed the seizing creditor would have acquired a privilege on the funds so seized and the receiver could not have secured possession of the seized funds to the prejudice of the seizing creditor. Item Co. Limited v. Nu-Grape Bottling Company, Inc., 160 La. 975, 107 So. 770; Receivership of Bryce Cash Store, Inc., 12 La.App. 365, 124 So. 544.

However, the seizure in this case was made after the receiver was appointed. Under Act No. 105 of 1898, Art. 1, section 14 (Dart's General Statutes, § 4014) the Secretary of State is authorized to proceed against an insolvent insurance company and ask for the appointment of a receiver to take possession of the property of the company and settle its affairs subject to such rules and orders as the court may from time to time prescribe, according to the course of proceedings in equity. The judgment of the district court of Caddo Parish rendered on the day before the seizure of the funds was made appointed Hankins receiver of the insolvent insurance company with full power to take possession of the property and effects of the company and settle its affairs.

■ The securities in possession of the State Treasurer are held by him in trust for the benefit of the policy holders of the insurance company under Section 4 of Act No. 169 of 1908 (or under Section 7 of Act No. 148 of 1936 subject to any claim, lien or judgment that may be obtained against the company on any contract of insurance, if the company is an industrial life company, as the company in this case appears to be from the petition filed against it by the Secretary of State.

■ It is our understanding that the receiver appointed by a competent court of this state for an insurance company domiciled in this state is authorized to take possession and control of all the property of the company, including the securities deposited with the State Treasurer, and to administer and distribute these funds to the creditors according to their rank and under the orders of the court. The trust fund deposited with the state officer can be distributed to the policy holders through the receiver and under the orders of the court just as well, if not better, than by the state officer himself. Whatever rights and preferences the judgment creditor in this case may have against this fund can be protected and recognized in the receivership proceedings. As he acquired no privilege on the fund by a prior seizure, he must be relegated to the receivership proceedings for the assertion and recognition of whatever claim he has against this trust fund.

■ Our conclusion is further fortified by the provisions of Section 4 of Act No. 227 of 1932 which confers on receivers appointed for foreign insurance companies the power to demand the possession of the funds deposited with state officers by such foreign companies as a prerequisite for doing business in the State. The manifest purpose of that law was to confer on receivers for foreign insurance companies the same power in that respect as is conferred on receivers for domestic companies appointed under the laws of this State.

For the reasons assigned, the judgment is affirmed.