THE STATE, Respondent, v. WELLS, Appellant.

1. A dealer in drugs and medicines is a merchant within the meaning of the first section of the act to tax and license merchants. (R. C. 1855, p. 1072.)
2. To constitute a merchant a dealer in drugs and medicines within the meaning of the twenty-second section of the act to tax and license merchants (R. C. 1855, p. 1077) so as to authorize him, under his license as a merchant, to sell spirituous liquors in any quantity when it is used only for medical purposes, it is necessary that he should be engaged principally in selling drugs and medicines, though he may incidentally admit into his store and may vend articles not strictly falling under the denomination of drugs and medicines.

*Appeal from Linn Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Prewitt*, for appellant.

I. The court erred in refusing to hear defendant's testimony. Section twenty-two of the act to tax and license merchants (R. C. 1855, p. 1077, § 22) allows a dealer in drugs and medicines to sell liquor in any quantity when it is used only for medical purposes. The circuit court seems to have entertained the idea that defendant had first to show that the liquor was prescribed by a practicing physician. The case of The State v. Larimore, 19 Mo. 391, was decided before the passage of this act. This act says nothing about a physician.

*Ewing*, (attorney general,) for the State.

I. The evidence offered by defendant as to his having a merchant's license authorizing him to sell drugs and medicines was properly excluded. It is true that the term merchant includes dealers in drugs and medicines, but it is only that class of druggists who do not combine with their appropriate business as such that of dealing in general merchandise, who may sell liquor when it is used only for medical purposes. There was no evidence that the liquor was used for medical purposes. (State v. Larrimore, 19 Mo. 392; 20 Mo. 420.)

NAPTON, Judge, delivered the opinion of the court.

The defendant was indicted for selling intoxicating liquors in quantities less than one gallon, and the proof on the part of the State was that he did so sell. The defence offered was a merchant's license, and proof that under this license the defendant was a dealer in drugs and medicines, and that the liquor which he sold was for medical purposes. The twenty-second section of the act to tax and license merchants prohibits a merchant from selling vinous, fermented or spirituous liquors in less quantities than one gallon, but allows a "dealer in drugs and medicines" to sell such liquors in any quantity when it is used only for medical purposes. A "dealer in drugs and medicines" is a merchant within the meaning of the first section of this law, and he deals in these articles under his general license as a merchant. The merchant is prohibited from selling intoxicating liquors in quantities under a gallon; but the dealer in drugs and medicines, although he is also a merchant, and in fact may be engaged in selling a great variety of articles of merchandise besides drugs and medicines, is however allowed to sell these intoxicating liquors, provided they are *used only* for medical purposes. The law is obscure, and no mode is specified by which the dealer is to be satisfied of the purpose to which the liquor sold is to be applied. But as it is manifest that the intention of the act is to make a distinction between merchants and dealers in drugs and medicines in reference to the power of retailing spirituous and vinous liquors, and as a merchant is not necessarily a dealer in drugs and medicines, although the latter is necessarily (under the definition of the act) a merchant, we suppose the proper mark of distinction to be found in the main and principal and leading business of the dealer. A person who, under a merchant's license, is principally engaged in selling drugs and medicines, although incidentally admitting into his store articles not strictly falling under the denomination of drugs or medicines, would be, we suppose, within the protection of this section, and privi-

ledged to sell liquors in any quantities for medical purposes. A merchant, however, whose principal dealings was in dry goods, groceries, provisions, &c., although, as is very commonly the case in country stores, keeping a small assortment of drugs for the convenience of his customers, would not, we apprehend, be allowed to sell spirituous liquors, except in the quantities permitted under the law, to merchants. As to what assurance may be required from the dealer or the purchaser to secure a *bona fide* application of the liquor which is permitted to be sold for medical purposes, it is not material to inquire in this case. The testimony offered ought to have been received. The judgment will therefore be reversed and the case remanded. The other judges concur.