GLADNEY, Judge.
This appeal presents a question of preference as to the proceeds of a sale under execution of the defendant’s automobile. The conflict between creditors arose after Tal-lulah Finance Company, a judgment creditor of the defendant, on October 13, 1958, seized the automobile under a writ of fi. fa. and provoked its sale on November 8, 1958. On November 7, 1958, Motors Securities Company, Inc. filed a petition of intervention and third opposition and claimed priority to the proceeds of the sale by reason of its ownership of chattel mortgage notes dated March 8, 1957, and October 6, 1958, which said notes were executed by the defendant and affected the automobile under seizure. Following a hearing had with complete stipulation of facts, the trial court rendered judgment in favor of plaintiff, recognizing its privilege resulting from the seizure of the chattel to be superior to any liens or privileges claimed by intervenor and third opponent. Intervenor and third opponent has appealed.
The agreed facts are:
“Plaintiff, Tallulah Finance Company, filed suit against the defendant, Willie Matthews, for the unpaid purchase price on a television set. The plaintiff secured judgment against the defendant on September 19, 1958, and had the television set seized and sold at sheriff’s sale. The television set did not bring an amount sufficient to pay off the balance. Plaintiff, in order to satisfy the deficiency after the sale of the television set, caused a 1954 Ford belonging to the defendant to be seized by the sheriff and advertised for sale. The sheriff seized the automobile belonging to the defendant, Willie Matthews, on October 13, 1958. The defendant had purchased the automobile and financed it through General Motors Acceptance Corporation on March 8, 1957, and secured the loan by a chattel mortgage duly recorded and shown on the title certificate. On October 6, 1958, defendant, Willie Matthews, appeared at the office of Motors Securities Company, Inc., at Monroe, Louisiana, and refinanced the loan that General Motors Acceptance Corporation had on the automobile and no extra money was advanced to defendant Matthews. It is admitted that the chattel mortgage held on the automobile by General Motors Acceptance-Corporation was further secured by a vendor’s lien on the automobile. It is agreed that when Motors Securities Company, Inc. refinanced the automobile that there was due and owing General Motors Acceptance Corporation Three Hundred Ninety-Five and 12/100 ($395.12) Dollars. Motors Securities Company, Inc. purchased the note that was signed by Willie Matthews and secured by chattel mortgage and vendor’s lien on the automobile involved in this suit and surrendered the title certificate to the Motor Vehicle Commissioner in order to have the mortgage noted on the certificate and changed from General Motors Acceptance Corporation to Motors Securities Company, Inc. Motors Securities Company, Inc., filed with the Department of Revenue of the State of Louisiana at its Monroe, Louisiana, office on October 9, 1958, its ap *123 plication for a new title certificate on this automobile showing its mortgage on the property and surrendered to the Department of Revenue the usual pink slip and title ■certificate that it had obtained from General Motors Acceptance Corporation, together with the original of the act of chattel mortgage executed by the defendant to Motors Securities Company, Inc. The application for the issuance of a new title certificate and the original of the act of chattel mortgage were posted in the United States mail on October 9, 1958, at Monroe, Louisiana, by the local manager of the Department of Revenue to the Department of Revenue at Baton Rouge, in order that the new •title certificate might be issued, and said •new title certificate was issued October 17, 1958. The Sheriff of Madison Parish obtained a mortgage certificate from the Department of Revenue dated October 17, 1958, in preparation to sell the said automobile under the above seizure and this certificate showed a chattel mortgage to General Motors Acceptance Corporation for ■One Thousand One Hundred Seventy-Nine •and 36/100 ($1,179.36) Dollars. Motors Securities Company, Inc. filed a petition of intervention and third opposition praying that the sheriff retain all proceeds from the sale of the said Ford automobile until this honorable court could consider the merits of its petition. The said automobile after being duly advertised was sold on November 8, 1958, to Motors Securities Company, Inc., for Four Hundred One and NO/100 ($401.-00) Dollars. This amount is being retained in the hands of the sheriff until the manner of its distribution should be determined by this Honorable Court. On November 14, 1958, the defendant was adjudged a bankrupt in the United States District Court, Western District of Louisiana, Number 8480 in Bankruptcy. The amount due the plaintiff by the defendant on the said judgment is Three Hundred Seventy-Two and 43/100 ($372.43) Dollars.”
In addition to the facts as above related, the record clearly reveals the G. M. A. C. mortgage was of record until the new certificate of title was issued to defendant on October 17, 1958, but was not on the new title certificate issued prior to the sale of the automobile.
Plaintiff’s contention is that it is entitled to the proceeds of the sale forasmuch as intervenor’s chattel mortgage dated October 6, 1958, was not of record at the time of the seizure of the automobile under the writ of fi. fa., and further, subrogation is not applicable in this case. Motors Securities Company, Inc., claims: first, a lien and privilege prior in rank to plaintiff’s by virtue of its chattel mortgage of October 6, 1958; second, that intervenor and third opponent is subrogated to the same rights and privileges as were held by G. M. A. C. when intervenor and third opponent purchased the G. M. A. C. chattel mortgage note; and third, that plaintiff is not a third person within the intendment of the chattel mortgage law.
Plaintiff, a judgment creditor, was by the mere act of the seizure under the writ of fi. fa. invested with a privilege on the chattel seized, which became effective on October 13, 1958. Code of Practice, Art. 722. The lien or privilege resulting from the execution by Willie Matthews on October 6, 1958, of an act of chattel mortgage, under the express provisions of LSA-R.S. 32:710 became effective against third persons from the date of notation of the lien or privilege on the face of the certificate of title of such vehicle, which date in this instance was October 17, 1958.
It is clear, therefore, that plaintiff’s privilege resulting from the seizure on October 13th must be held superior in rank to intervenor’s chattel mortgage lien and privilege which was not noted on the certificate of title until October 17, 1958.
The Certificate of Title Act (LSA-R.S. 32:701 et seq.) provides, save some exceptions not material hereto, the exclusive method of executing, recording and canceling chattel mortgages. The mode of cancellation or final discharge of a recorded *124 chattel mortgage is prescribed in LSA-R.S. 32:708, subd. B as follows:
“Upon the final discharge of any chattel mortgage, the said owner or any chattel mortgage holder may present said certificate of title with the fee prescribed by this Chapter, to the commissioner and request that the commissioner note on the face of said certificate of title and his records a cancellation of notation of said chattel mortgage so endorsed as satisfied by the holder thereof on the face of the certificate of title; and the commissioner shall comply with such request, if the satisfaction appears genuine.”
The intervenor and third opponent earnestly insists that as a junior creditor purchasing the G. M. A. C. held mortgage note superior in rank to the privilege resulting from plaintiff’s seizure it is entitled to be paid $395.12 out of the proceeds of the sale by reason of legal subrogation. Such a right is accorded under LSA-C.C. art. 2161(1), which provides:
“Subrogation takes place of right:
“For the benefit of him who, being himself a creditor, pays another creditor, whose claim is preferable to his by reason of his privileges or mortgages.”
We agree with counsel, 'by virtue of the Civil Code Article that upon payment of the G. M. A. C. mortgage note by Motors Securities Company, Inc. on October 6, 1958, the latter became subrogated to the extent of the indebtedness thereon to the liens and privileges which had attached to the automobile by reason of the said act of sale and chattel mortgage. This postulation is supported by White System of Alexandria, Inc. v. Fitzhugh (Rapides Bank & Trust Company in Alexandria, Intervenor) La.App.1942, 5 So.2d 555, and the authorities cited therein. However, the legal principles so enunciated are without effect in the instant case for we are herein confronted with the fact that the G. M. A. C. mortgage was voluntarily erased from the records of the Department of Revenue, by Motor Securities Company, Inc., prior to the sale of the automobile on November 8, 1958.
It is our understanding of the evidence that on October 17, 1958, the Department of Revenue issued a new certificate of title, thus replacing the preceding one which disclosed the existence of the mortgage held by G. M. A. C. This new certificate did not show the existence of the G. M. A. C. mortgage, but only the chattel mortgage of October 6, 1958. Plainly, therefore, by proper authority the former G. M. A. C. 'held mortgage was canceled and erased from the records of the Department of Revenue when the new certificate was issued. With the cancellation, the liens and privileges so created by the act of sale and chattel mortgage terminated, and any rights flowing therefrom by legal subrogation likewise passed out of the picture. It should be observed that this court in White System of Alexandria v. Fitzhugh, supra, in recognizing the facts presented a case for legal subrogation, was careful to note the subject act of chattel mortgage was still of record and had not been erased.
Finally, intervenor contends plaintiff is not a third person under the provisions of LSA-R.S. 32:710 as it is “trying to gain an undue advantage” over the intervenor and defeat “this honest debt by its seizure of the automobile.” We do not attach merit to this assertion for there is no evidence plaintiff acted with fraudulent intent. The debtor’s property was subject to seizure by any diligent creditor.
In accordance with our views as herein-above set out, we find plaintiff was a third person within the intent of LSA-R.S. 32:-710 and that it had a lien and privilege resulting from its seizure on October 13, 1958, which outranked the lien and privilege resulting from defendant’s chattle mortgage note granted on October 6, 1958, as the chattel mortgage was not noted on the title certificate until October 17, 1958. *125 We also hold that cancellation by the Motors Securities Company, Inc. of the act of chattel mortgage dated March 8, 1957, terminated any right to legal subrogation existing prior to the time of final discharge of that chattel mortgage on October 17, 1957.
It thus follows from our resolution of the issues tendered herein, the claim and lien of the plaintiff is superior to that of Inter-venor and Third Opponent, and accordingly, the judgment from which appealed is affirmed at appellant’s cost.