WHITE, Judge.
Reginald Owen Davis seeks reversal of a final judgment entered pursuant to an order dismissing his complaint as insufficient to state a cause of action. Plaintiff sued to recover damages suffered by him as father of Darrell Reginald Davis, age sixteen, who died in the crash of an automobile. It was alleged that the defendant sold alcoholic beverages to several minors, including the plaintiff’s son aforesaid, and the sale of the beverages is alleged to have been the proximate cause of the subsequent fatality in the automobile crash. The case appears to be one of first impression in this jurisdiction.
The defendant, according to the complaint, owned a tavern in Tampa known as the Estuary Bar. An employee, one Robert Farmer, took and filled orders from “drive in” customers who remained in their vehicles. At eight thirty on the evening of January 27, 1960 the minor son of the plaintiff was in the company of two other minors in an automobile. They drove to the defendant’s place of business and, remaining in the automobile, purchased one case of beer in cans and one-half pint of whiskey. It was averred that Robert Farmer, the defendant’s employee, made no effort to ascertain the ages of the boys but negligently *759 and wantonly, while acting in the scope of his employment, sold the beverages to them.
The three hoys then drove to a drive-in theatre where they began to consume the beverages. During the course of the evening they allegedly consumed the one-half pint of whiskey and fourteen cans of beer. The plaintiff's son and one other boy became ill. Recovering somewhat they proceeded to the home of the third boy and left him there. The plaintiff’s son then drove the automobile at a speed of about fifty-five miles per hour and while so engaged, at approximately one fifty o’clock on the morning of January 28, 1960, he lost control of the automobile which struck a tree, turned over and came to rest on its wheels. The plaintiff’s son received injuries which resulted in his death approximately six hours after the purchase of the beverages. The automobile was owned by the remaining minor who was in the car at the time of the crash.
The plaintiff contends on appeal that the defendant through his employee violated Florida Statutes, § 562.11, F.S.A.,[1] and that such offense should be held negligence per se. It is further contended that it reasonably should have been foreseen that, the boys would become intoxicated and injure themselves in the operation of the automobile. Through this reasoning it is submitted that the dereliction of the defendant’s employee was the proximate cause of the death of plaintiff’s son.
The defendant notes arguendo the absence of any allegation that any of the purchased beverages were consumed on his premises or that the boys had been consuming alcoholic beverages at the time the defendant’s employee sold them the beer and whiskey. Essentially, however, the defendant urges that the complaint shows on its face that the proximate cause of the fatality was not the sale of the beverages and that the fatal crash of the automobile was not a reasonably foreseeable result.
The single issue on appeal is whether the trial court erred in holding that the complaint failed to state a cause of action. We find no error and accordingly affirm. To hold otherwise would sanction a pyramid of inferences. Liability cannot be imposed merely because it is possible to trace a connection between a negligent act and an injury. 23 Fla.Jur., Negligence, § 29. Proximate cause must be predicated on a direct, natural and continuous sequence between the negligent act and the injury so that but for the act the injury would not have occurred. Seaboard Airline R. Co. v. Mullin, 1915, 70 Fla. 450, 70 So. 467, L.R.A. 1916D, 982; Pope v. Pinkerton-Hays Lumber Company, Fla.App.1960, 120 So.2d 227, 229.
In Cone v. Inter County Tel. & Tel. Co., Fla.1949, 40 So.2d 148, Justice Sebring stated:
“Not every negligent act of omission or commission gives rise to a cause of action for injuries sustained by another. It is only when injury to a person who himself is without contributing fault has resulted directly and in ordinary natural sequence from a negligent act without the intervention of any independent efficient cause, or is such as ordinarily and naturally should have been regarded as a probable, not a mere possible, result of the negligent act, that such injured person is entitled to recover damages as compensation for his loss. Conversely, when the loss * * * is merely a possible, as distinguished from a natural and prob *760 able, result of the negligence, recovery will not be allowed” (Emphasis supplied)
In the facts and circumstances appearing from the complaint the automobile accident and the death of the driver were not reasonably expected or probable results of the sale of the beverages. The contingencies of accident and death were too remote. They were not probable but possible end results as distinguished in the opinion of the Cone case, supra. Generally in the absence of statute there is no cause of action against a provender of liquor in favor of one injured by reason of intoxication of the person so provided. The rationale of the rule is that the proximate cause is the drinking and not the furnishing of the liquor. 30 Am.Jur., Intoxicating Liquors, § 520.
Statutes making exception to the general rule and commonly known as “Civil Damage Acts” or “Dram Shop Acts” have been enacted in a few jurisdictions. Such a statute has not been enacted in Florida. In the annotation in 52 ALR 2d 890, the text reads:
“In a number of jurisdictions statutes have been enacted providing a right of action against persons or establishments for damages suffered as a result of the serving of intoxicating beverages to another person whose inebriation or drinking causes damages to the person to whom the right of action is given. These actions are entirely statutory, and were unknown to the common law.” (Emphasis added)
It is noted that the foregoing text specifies “serving” and not merely the sale of intoxicating beverages. See also 2 Fla.Jur., Alcoholic Beverages, § 120. We are constrained to abide by the general rule unless and until the legislature validly enacts an exception.
Although the decision in this unfortunate case by no means turns on the question of parental responsibility, we might observe in closing that such question conceivably could be significant in cases of this type. In some situations it might be questioned that others must exercise a higher degree of care toward an unemancipated minor than that required of the parents.
Affirmed.
SHANNON, C. J., and SMITH, J., concur.

. “It is unlawful for any person, firm or in the case of a corporation, the officers, agents and employees thereof, to sell, give, serve or permit to be served alcoholic beverages, including wines and beer, to persons under twenty-one years .of age or to permit a person under twenty-one years of age to consume said beverages on the licensed premises. Anyone convicted of violation of the provisions hereof shall be punished by imprisonment in the county jail for not more than six months or by fine of not more than five hundred dollars.”