### SMITH, et al v. NUSSMAN.

No. 62-L-2787.

Circuit Court, Dade County.
November 30, 1962.

Donald F. March, Miami, for plaintiffs.

Aronovitz, Silver & Scher, Miami, for defendant.

HAL P. DEKLE, Circuit Judge.

The minor plaintiff suffered an injury to his eye from a sling shot used by another minor who is not a party to the cause. The minor plaintiff and his father sue the defendant 5 & 10 Department Store owner as the seller of the sling shot to such other minor. Counsel agree that any cause of action rests upon the alleged violation by defendant of one or more of the three following statutory and ordinance provisions —

Florida Statutes sections —

*790.17  Furnishing weapons to minors, etc.* — Whoever sells, hires, barters, lends or gives any minor under sixteen years of age any pistol, dirk, or other arm or weapon, other than an ordinary pocket knife, or a gun or rifle used for hunting, without permission of the parent of such minor, or the person having charge of such minor, or sells, hires, barters, lends or gives to any person of unsound mind any dangerous weapon, other than an ordinary pocket knife, shall be punished by imprisonment not exceeding three months, or by fine not exceeding fifty dollars.

*790.18  Selling arms to minors by dealers* — It is unlawful for any dealer in arms to sell to minors any pistol, Springfield rifle, or other repeating rifle, bowie knife or dirk knife, brass knuckles or sling shot, and every person violating this section shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine of fifty dollars or by imprisonment in the county jail not more than six months.

City of Miami Code —

*Sec. 67.3.  Sale on delivery of deadly weapons to minors.* — It shall be unlawful for any person to sell, barter, lend, give or deliver any pistol, dirk or other deadly weapon to any minor under seventeen years of age. It shall likewise be unlawful for any person to sell, barter, lend, give or deliver any pistol, dirk or other deadly weapon to any minor between the ages of seventeen and twenty-one years without the express written approval of one of the parents or the legal guardian of such a minor.

Defendant first argues strenuously that the plaintiff as a member of the general public is not included within the category of persons intended to be protected by such legislative enactments; that the protection intended inures only to the benefit of the immediate minors who may make such purchases in violation of such a statutory provision.

Certainly there is support for such an interpretation from the language in Tamiami Gunshop v. Klein, Fla. App. 3d 1959, 109 So.2d 189, cert. discharged 116 So.2d 121. But this court's view

is that Tamiami does not preclude the extension of the protected class to the general public in a proper case where, as here, the plaintiff of such class is injured. This was not involved in Tamiami. That case dealt only with injury to the immediate purchaser.

Proximate cause is held to be a matter of law as between seller and a minor purchaser in Tamiami but this may be a serious question as between a third party injured plaintiff and seller. The carelessness or inexperience of the minor purchaser may have to be alleged (which it is not here) and proved.

Logic and reason would seem to indicate a legislative intent to protect the public against the immature or inexperienced actions of such minors to whom the weapons or arms in question may be sold. It would seem an unreasonable limitation to restrict it simply to the immediate purchaser of such a weapon; persons against whom weapons are directed are the ones more likely to be injured by an improper use of them.

> "The class of persons to be protected may of course be a very broad one, extending to all those likely to be injured by the violation. Thus a statute requiring druggists to label poisons, a pure food act, *a law prohibiting the sale of firearms to minors,* or an ordinance against leaving horses unattended in the street, *must clearly be intended for the benefit of any member of the public who may be injured by the act or thing prohibited."* (Emphasis supplied.) Prosser on Torts, 2nd Ed., p. 156.

The extension of the protection to the general public was expressly stated in Fowell v. Grafton, 22 Ontario Law Reports 550, cited in Spires v. Goldberg, 26 Ga. App. 530, 106 S. E. 585, 588. The holding there would also seem to support the troublesome question of proximate cause in this instance as a jury question.

However, in a recent case from the Second District Court of Appeal, Davis v. Schiappacossee, 145 So.2d 758, the opinion by Judge Joe White upheld the dismissal of an action for wrongful death of a minor son who was killed as a result of an automobile crash after consuming liquor which had been improperly sold to him as a minor at the defendant's place of business in violation of the statute, §562.11. The decision calls the cause remote as a matter of law and says that the automobile accident and death of the driver would not reasonably be expected to result from the sale of the beverages but were only possible end results as distinguished in the opinion of Cone v. Inter County Tel. & Tel. Co. (Fla. 1949), 40 So.2d 148, that it must be such as ordi-

narily and naturally should have been regarded as a probable, not a mere possible, result of the negligent act. Whether Davis is in conflict with the holding in Tamiami has not yet been submitted or determined.

This proximate cause question might be made a factual one, in my view, but the decision here rests upon the application of the above quoted statutes which will now be considered.

Section 790.17 concerns itself with "any pistol, dirk, or other arm or weapon, other than ordinary pocket knife, or a gun or rifle used for hunting". An arm or weapon in the common sense is generally thought of or defined as an instrument used for offense against another, or for defense, and it would be a strain of the statutory wording here to include an ordinary sling shot in this category. As penal statutes these must of course be strictly construed and are not to be extended by interpretation to which the language does not readily lend itself. 30 Fla. Jur., §125, p. 229. An air gun has been held not to be a weapon since its principal use is in sports and by boys at play, Harris v. Cameron, 51 N.W. 437; People v. Rodriguez, 35 Puerto Rico 253; People v. Mulherin (Cal. App. 1934), 35 Pac.2d 174. Under the rule of ejusdem generis, a sling shot does not seem to fall within the category of prohibited instruments in §790.17. Actually it would more properly fall within the accepted category of a gun or rifle for hunting, as might a bow and arrow.

Under a statute prohibiting the selling, giving or lending to minors of any pistol, dirk, slung shot, (sic) (distinguished from sling shot) "or other dangerous weapons", a twenty gauge shot gun was held not to be included in Parman v. Lemmon (Kan. 1926), 244 Pac. 227, in which the opinion stated " . . . it is such a common implement that if the lawmakers intended to include it in the prohibited list, it is extremely unlikely they would have failed to mention it."

Section 67-3 of the City of Miami Code deals with "any pistol, dirk or other *deadly* weapon" (emphasis supplied). "Deadly weapon" is defined to be such an instrument as would ordinarily or likely produce death, 94 C.J.S. 471; Greenway v. State (Ga. App. 1939), 1 S.E.2d 217. A sling shot hardly falls within the category of a deadly weapon as used in the ordinance.

Section 790.18 is the only law including the term sling shot, but the trouble here is that it is applied only to "any dealer in arms" and the defendant here operating as a 5 & 10 Department Store with only an incidental sale of such an item, can hardly be

classified as coming within this statute applying to a dealer in arms. The other statutes direct themselves to "any person" or "whoever sells, etc." and this distinction in the other statutes must be recognized in considering the legislative intent.

Considering the general definition of arms and weapons heretofore mentioned, a dealer in such arms which are in the nature of pistols, guns, dirks and the like, hardly includes the defendant 5 & 10 Department Store owner by reason of the incidental sale of sling shots. A "dealer in tobacco" has been held not to include a general dry goods business selling only tobacco at retail by the plug, Carter v. State, 44 Ala. 29. A merchant who may sell drugs and medicines is not a "dealer" therein unless he is *"principally* engaged in selling drugs and medicines" (emphasis supplied), State v. Wells, 28 Mo. 565.

The court finds therefore as a matter of law that defendant was not in violation of the statutes or ordinance in question and since his liability must admittedly be predicated on such a violation, the amended complaint fails to state a cause of action upon which relief can be granted, and accordingly the complaint and this cause are dismissed with prejudice.