444 So.2d 730 (1984)
George M. GAMBINO
v.
William S. CULP, Individually and d/b/a Culp Capital Corporation.
No. 83-CA-544.
Court of Appeal of Louisiana, Fifth Circuit.
January 10, 1984.
Rehearing Denied February 17, 1984.
Writ Denied April 13, 1984.
*731 Laurence D. Rudman, Rudman, Howard, Laudumiey & Mann, New Orleans, for plaintiff-appellant.
Ronald J. Vega, Kenner, for defendant-appellee.
Before BOWES, CURRAULT and GAUDIN, JJ.
CURRAULT, Judge.
This appeal originates in Division "N" of the Twenty-Fourth Judicial District Court wherein the Honorable James L. Cannella denied the plaintiff's rule to traverse garnishee's answers. Plaintiff has appealed.
Plaintiff, George M. Gambino, is a judgment creditor of defendant, William S. Culp, individually and doing business as Culp Capital Corporation, by virtue of a judgment rendered by the trial court on April 8, 1982, in the sum of Twenty-Four Thousand Five Hundred Dollars ($24,500).
On September 28, 1982, Bankers Trust of Louisiana advanced Mr. Culp Twenty-Five Thousand Dollars ($25,000) which was secured by a demand promissory note. On the following day, September 29, 1982, the sum of Twenty-Five Thousand Dollars ($25,000) was deposited in checking account Number XXX-XXX-X in the name of Mr. or Mrs. William S. Culp.
On October 8, 1982, Bankers Trust of Louisiana received a garnishment in the amount of Twenty-Four Thousand Five Hundred Dollars ($24,500) on behalf of plaintiff, citing Bankers Trust as garnishee and ordering them, as per the writ of fieri facias, to turn over any funds they had in their possession belonging to defendant. Upon receipt of this garnishment, Bankers Trust made a set-off of the monies on hand in defendant's account (No. XXX-XXX-X) and applied them to the remaining balance on the demand note which was entered into September 28, 1982. A sum of Seven Thousand Forty-Five Dollars and Thirty-One Cents ($7,045.31) was removed from Account No. XXX-XXX-X and set-off; thereby leaving a zero balance in defendant's account. On October 21, 1982, garnishee bank responded to garnishment interrogatories in the negative as to having any funds on hand to satisfy the judgment.
Plaintiff then moved to traverse garnishee's answers, questioning the garnishee's right to set-off. After a hearing on plaintiff's rule, judgment was rendered in favor of garnishee denying the motion to traverse. Plaintiff now appeals that judgment.
The facts are not in dispute. The question is, does a garnishee bank have the requisite power or authority, once service has taken place, to apply compensation to any of the judgment debtor's fund they may hold? The garnishee bank contends they do. The plaintiff-judgment creditor contends they do not.
Appellant, George Gambino, relies primarily on LSA-C.C. art. 2215, which reads:
"Compensation can not take place to the prejudice of the rights acquired by a third person; therefore, he who, being a debtor, is [has] became creditor since the attachment made by a third person in his hands, can not, in prejudice to the person seizing, oppose compensation."
It is appellant's assertion that when the garnishment interrogatories were served *732 upon the appellee bank, he, as seizing creditor, acquired rights to the funds which were the subject of the set-off and that the exercise by the bank of its right of compensation against its depositor is clearly prohibited by Article 2215.
Appellee, Bankers Trust of Louisiana, argues that Article 2215 has no application, but that this particular set of facts is controlled by LSA-C.C. arts. 2207, 2208. Appellee further asserts that the language contained in the note they held specifically gave them the authority to make a set-off against any monies Mr. Culp had on deposit with them. That language, so heavily relied upon, is as follows:
"Bank shall further have the right to accellerate the maturity of this promissory note when the Bank deems itself to be in an insecure position with regard to the repayment, performance or collateral hereunder. Upon any of said events of default, this promissory note and each and every other debt, liability and obligation to Bank of the parties hereto, and each of them whether direct or indirect, absolute or contingent, liquidated or unliquidated, due or to become due, or whether or not existing hereunder, shall be forthwith due and payable without any notice, demand or putting in default whatsoever unless Bank shall otherwise elect."
Appellee argues then that since the right to compensation (set-off) contractually existed prior to receiving notice of a pending garnishment, that upon being served with such garnishment, under the above stated contractual language and LSA-C.C. arts. 2207, 2208, they still had the authority to execute their right of off-set and withdraw the remaining funds on account to be applied to the remaining indebtedness due them.
Our Supreme Court in First National Bank of Commerce v. Boutall, 422 So.2d 1159 (La.1982) has recently commented, at page 1161, that, "the garnishment procedure is designed as a streamlined method of obtaining funds of the debtor in the hands of a third party." Seizure of the debtor's funds (property) is an essential aspect of this procedure. While we recognize that this seizure is merely a constructive one, the intent nevertheless is to immobilize the funds (property) until it can be distributed by the court. May v. Market Insurance Company, 373 So.2d 763 (La.App. 3 Cir.1979). Seizure in a garnishment procedure is effective the moment of service of the garnishment interrogatories. Thus, the garnishee becomes the custodian of the judgment debtor's funds (property) and is warned by the seizure that he should hold the funds until the court renders an order for the disposition of the funds. First National Bank, supra; May, supra.
In our situation, all property of William Culp in the possession of Bankers Trust of Louisiana was seized and immobilized the moment of service of the garnishment interrogatories upon Bankers Trust. Bankers Trust, simultaneously with service, becomes the custodian of William Culp's property in their possession. As custodians, they were under a legal duty to maintain and preserve the seized property until such property could be turned over to the court.
To allow the custodians of seized property to avail themselves of compensation as provided by our Civil Code works contrary to the intended purpose of garnishment. The alienation of seized funds after the seizure has occurred is repugnant to the basic precepts of seizure. Bankers Trust violated their imposed duty to maintain and preserve the seized property when they, by their own initiative, utilized compensation.
Bankers Trust should have held the seized funds, answered the garnishment interrogatories, and then intervened in the garnishment asserting any claim that they might have as to the seizure. The court ordering the seizure is the sole authority for distribution of the seized funds. A garnishee bank does not have the requisite power, after service has taken place, to apply compensation to any of the judgment debtor's funds they may hold.
Accordingly, for the above cited reasons, the judgment of the trial court denying *733 plaintiff's petition to traverse garnishee's answers is hereby reversed and remanded for proceedings consistent with the views expressed herein. Costs of this appeal are to await final outcome of this matter.
REVERSED AND REMANDED.