BOWES, Judge.
Plaintiff/appellee, George M. Gambino, is a judgment creditor of William S. Culp, individually and doing business as Culp Capital Corporation, by virtue of a judgment rendered by the 24th Judicial District Court, in case number 239-138, on April 8, 1982, in the sum of Twenty-four thousand five hundred and 00/100 ($24,500.00), plus legal interest from judicial demand until paid, and all costs of those proceedings.
On October 8, 1982, Bankers Trust of Louisiana (Bankers), appellant herein, received a garnishment on behalf of George M. Gambino in those proceedings, citing Bankers as garnishee, and ordering it, as per the writ of fieri facias, to turn over any funds it had in its possession belonging to the defendant, William S. Culp. Said garnishment was in the principal sum of $24,-500.00, and included interest and court costs, for a total of $32,046.31 through October 10, 1982. Upon receipt of said garnishment, Bankers made a set-off against monies on hand in Mr. Culp’s account and applied those funds to the remaining balance on a demand note, which had been entered into between Culp and Bankers on September 28, 1982. The sum of $7,257.52 was removed and credited to this account.
Thereafter, on October 21, 1982, garnishee responded to garnishment interrogatories in the negative, denying that it held any credits in favor of William S. Culp. Appellee moved to traverse those answers on the basis of the aforementioned offset of defendant’s funds against the balance owed Bankers.
The trial court denied Gambino’s Rule to Traverse Garnishment Interrogatories, without written reasons, allowing the garnishee bank the right of compensation after legal seizure was made upon defendant’s account under the writ of fieri facias.
Plaintiff/appellee appealed the judgment of the trial court in proceedings No. 83-CA-544 of this court. On January 10, 1984, Judge Nestor L. Currault, Jr., as the organ of the court, rendered an opinion reversing the judgment of the trial court, and remanding the matter for retrial. See Gambino v. Culp, 444 So.2d 730 (La.App. 5th Cir.1984). On February 17, 1984, this court denied an application for rehearing by Bankers and, on April 13, 1984, the Louisiana Supreme Court denied appellant’s petition for Writ of Certiorari or Review, 448 So.2d 111.
Upon remand to the trial court, appellant filed a petition for intervention, seeking to retain the $7,257.52 it had originally claimed as a set-off from one Culp account and $95.20 it had set-off from another Culp account.
On March 18, 1985, the trial court rendered judgment in favor of plaintiff/appel-lee and against Bankers Trust of Louisiana in the full sums of $7,257.52 and $95.20, plus legal interest and costs.
It is from that March 18th judgment that Bankers now appeal.
The question before the court now is one of ranking of two competing creditors’ claims for the same funds. The question is *514 further complicated, in this situation, because one of those competing creditors was the custodian of the funds in dispute.
Plaintiff George M. Gambino’s claim to the disputed monies arose by virtue of a judgment of the district court dated April 8,1982, while the intervenor bank’s claim is based upon a loan made by the bank to defendant Culp, and evidenced by a promissory note dated September 28, 1982, some five months after plaintiff obtained his judgment.
In brief, Bankers continues to argue that it should have been allowed to set-off the monies on hand in Mr. Culp’s accounts against the remaining balance on the September 28, 1982 promissory note.
This court has already ruled that:
To allow the custodians of seized property to avail themselves of compensation as provided by our Civil Code works contrary to the intended purpose of garnishment. The alienation of seized funds after the seizure has occurred is repugnant to the basic precepts of seizure. Bankers Trust violated their imposed duty to maintain and preserve the seized property when they, by their own initiative, utilized compensation.
Gambino v. Culp, supra, at 732.
The only argument left for Bankers to pursue is that its claim outranks the claim of Mr. Gambino. Unfortunately, for Bankers, that claim has no merit. Mr. Gambino was a judgment creditor of Mr. Culp for more than five months (since April 8, 1982) before Bankers made its loan to Mr. Culp (on September 28, 1982). The fact that the bank did not become aware of the Gambino claim until after it made the loan to the defendant is of no consequence. It is well settled in Louisiana law and jurisprudence that a creditor acquires, by mere seizure, a privilege on the property seized which entitles him to a preference over ordinary creditors and his judgment shall be satisfied in preference to them. Tallulah Finance Co. v. Matthews, 116 So.2d 121 (La. App. 2nd Cir.1959) and LSA C.C.P. art. 2292.[1] Since Gambino was the first and only seizing creditor (Bankers Trust never did execute any type of seizure as their “set off” did not constitute a seizure) of Culp’s funds in the hands of Bankers, who were acting as custodian, his claim is clearly entitled to preference over Bankers’ claim. Thus the Gambino claim clearly outranks the claim of Bankers Trust of Louisiana.
Accordingly, for the reasons stated above, the judgment of the district court is affirmed. All costs of this appeal are to be borne by appellant.
AFFIRMED.

. Art. 2292. Privilege of creditor on seized property; successive seizures
The seizing creditor, by the mere act of seizure, acquires a privilege on the property seized, which entitles him to a preference over ordinary creditors.
When several seizures of the same property are made by ordinary creditors, the seizing creditors acquire a privilege and are entitled to a preference among themselves according to the order of their seizures.
Source: C.P. Arts. 722, 723.