KLIEBERT, Judge.
Design Associates, Inc., plaintiff, obtained a judgment against John J. Charpen-tier and Dawn Offshore Towing, Inc., defendants, in the amount of $38,000.00 plus interest, costs, and attorney’s fees. In the execution of its judgment plaintiff issued garnishment under a writ of fieri facias against First National Bank of Jefferson Parish (FNJ), garnishee. In response FNJ, among other things, said it had in its possession Certificate of Deposit # 801303 in the amount of $310,379.46, which was pledged to it as security for a loan to Break of Dawn, Inc.
After the initial hearing FNJ, by judgment dated December 13, 1985, was ordered to turn over to plaintiff monthly interest due on the certificate. In time, however, FNJ informed plaintiff of its intention to “liquidate” the CD and apply the funds to the balance due on the loan, the payment of which was then four months in arrears. The plaintiff objected and ultimately on June 26, 1986 reissued garnishment and filed a rule to traverse FNJ’s response. At the hearing on the rule to traverse plaintiff contended FNJ did not have a valid pledge, hence, plaintiff had a superior right to satisfaction of its indebtedness by virtue of its seizure. The trial court rejected plaintiff’s contention and they perfected this appeal.
FNJ filed a peremptory exception of res judicata with this Court on September 29, 1987 which was referred to the merits. The trial court has passed on the same exception filed in the lower court, dismissing the exception.
FNJ claims an order and judgment relating to the first garnishment interrogatories precludes litigating issues relating to second garnishment interrogatories filed. However, the first order and judgment relate to funds in a checking account and interest payments; whereas, the second interrogatories and subsequent judgment relate to the principal from funds represented by the CD. Because the thing demanded in the two garnishments are not the same, the exception must be dismissed.
The sole issue on the merits of the appeal is who has the superior right to satisfaction from the funds — FNJ or plaintiff. For the reasons hereinafter stated, we hold FNJ had a pledge of the funds, therefore, a right to apply the funds to Break of Dawn, Inc.’s delinquent loan.
*957 The facts are not in dispute. The pledge agreement described the collateral as follows:
“Certificate of Deposit # 801303 in the amount of $310,379.46 at a current rate of 9.25% in the name of John J. Charpen-tier, Jr. due to mature on May 3, 1984 and all subsequent renewals and additions.”
The certificate of deposit was as follows:
[[Image here]]
FNJ renewed the CD automatically every 91 days at the interest rate then being paid; the last renewal date being May 1, 1986. Mr. Charpentier never expressly agreed to renew the CD but was notified either through the bank’s automatic computer generated procedure, or at the latest when interest payments were made to the customer, pursuant to the CD requirements. Throughout this whole period, FNJ maintained possession of the funds and never released the funds pledged to secure the debt.
Since the CD was non-negotiable, non-renewable and matured on May 3,1984 by its own terms, Design argues the funds from the matured certificate were not covered by the pledge agreement, thus, its garnishment effectively seized the funds entitling it to a priority right of payment. Design cites Gambino v. Culp, 485 So.2d 512 (La. App. 5th Cir.1986), writ denied 489 So.2d 920 (La.1986) in support of its position.
The Gambino case is distinguished from the situation here. In Gambino, supra, the bank was merely a custodian because there was no pledge. Here the bank has a valid pledge, therefore, it is more than a mere custodian.
The certificate of deposit certifies that there are funds on deposit in the bank and thus is akin to a bill of lading or warehouse receipt. Like a bill of lading or warehouse receipt, the certificate is needed to withdraw the funds, and its pledge is a pledge of the funds it represents. See Civil Code Article 3158; In re Pine Grove Canning Company, 226 F.Supp. 872 (D.C.La.1963).
FNJ has met all of the requirements for a pledge and the ranking of that pledge. *958 Civil Code Article 3158. It had the CD and the funds represented by the CD in its possession and control, the pledge to secure its loan with Break of Dawn, Inc., and all subsequent refinancing and/or renewals. Since the loan by Break of Dawn, Inc. was delinquent and the entire loan balance was greater than the pledged funds, PNJ was, under the terms of the pledge,[1] entitled to apply the full amount due under the certificate to the loan.
Accordingly, we affirm the judgment of the trial court at plaintiff's cost.
AFFIRMED.

. The following is one of the provisions of the pledge agreement:
"DEFAULT: In the event that Borrower defaults under the above described Loan, or should I or Borrower default under any other debt, liability or obligation secured by the pledged Collateral, I irrevocably authorize you to sell the pledged Collateral, in whole or in part, at public or private sale, or through any exchange or broker’s board, at any time you may elect without the necessity of filing suit against me, and without demand for payment, appraisement, advertisement or notice of any kind, all of which I am waiving. You may purchase the pledged Collateral in whole or in part, at any such sale without any right of redemption on my part, which I am also waiving and releasing.
You have the further right to demand payment, to sue for, to collect and receive any money and/or property which may be owed under any of the pledged Collateral which consists of securities and/or obligations for payment of money (such as a promissory note). You may additionally extend the time for payment on pledged securities and/or any other person. You may take any of these actions at any time, and from time to time, whether or not the above described Loan and any other debts secured by this Agreement are due, either in my name or in your name.”