STEWART, Judge.
Plaintiffs, Eugene Reynolds and Eugenia E. Reynolds, obtained a consent judgment against the National Society of Health for nonpayment of amounts due under a health insurance policy. The Reynolds then obtained a judgment of garnishment against the Commissioner of Insurance for the State of Louisiana shortly before the Commissioner instituted liquidation proceedings against the National Society of Health. The Commissioner suspensively appeals the garnishment judgment. We vacate the trial court judgment.
FACTS
Pursuant to a health insurance policy issued by National Society of Health (NSH), Eugene and Eugenia Reynolds filed suit against NSH for medical benefits alleged due and payable under the policy. After obtaining judgment against NSH, the Reynolds petitioned for garnishment, in the Fourth Judicial District Court, against the Commissioner of Insurance for the State of Louisiana, who had under his control property of NSH. In the Nineteenth Judicial District Court, the Commissioner filed a petition for liquidation against NSH. Both the petition for garnishment and the petition for liquidation resulted in judgment for each respective petitioner. The chronology of events was as follows:
February 12, 1990 Reynolds filed petition against National Society of Health (NSH)
September 27, 1990 Consent judgment, in favor of the Reynolds and against NSH, for $8,109.54 due under the policy and $3,900 as attorney’s fees, together with legal interest on each amount from the date of judicial demand
October 9, 1990 Reynolds filed petition against the Commissioner of Insurance for garnishment of NSH assets held by the Commissioner
October 19, 1990 Commissioner was served with garnishment pleadings
November 5, 1990 Commissioner received copy of the Reynolds’ proposed judgment of garnishment, for approval as to form
November 18, 1990 Commissioner filed petition for liquidation of NSH
November 30, 1990 Order of liquidation signed
February 4, 1991 Reynolds filed rule to obtain garnishment judgment
February 28, 1991 Judgment of garnishment signed, ordering Commissioner to pay to the Reynolds $14,492.96, plus interest
The Commissioner suspensively appeals, arguing that the judgment of garnishment is void under LSA-R.S. 22:762. The Reynolds, on the other hand, assert that a seizure pursuant to a garnishment proceeding is effective upon service of the garnishment interrogatories, therefore, they obtained a privilege on the NSH assets held by the Commissioner prior to the liquidation order.
LEGAL PRINCIPLES
As part of the liquidation procedures under the insurance code, the Louisiana legislature has adopted the Uniform Insurer’s Liquidation Law, codified in LSA-R.S. 22:758 through 22:763. It has been observed that
Its primary purpose appears to be to prevent creditors who are better informed from obtaining unfair preference and advantage to themselves by instituting attachment or similar proceedings against such property of the bankrupt debtor as may be found in their states, ... before less well informed creditors may take action to preserve and protect their claims.
State v. Preferred Accident Insurance Co. of New York, 149 So.2d 632, 640 (La.App. 1st Cir.1963). The statute provides as follows:
§ 762. Attachment and garnishment of assets
*376 During the pendency of delinquency proceedings in this or any reciprocal state no action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in the courts of this state against the delinquent insurer or its assets. Any lien obtained by any such action or proceeding within four months prior to the commencement of any such delinquency proceeding or any time thereafter shall be void as against any rights arising in such delinquency proceeding.
A “delinquency proceeding” is any proceeding commenced against an insurer for the purpose of liquidating, rehabilitating, reorganizing, or concerning the insurer. LSA-R.S. 22:757(2).
Where the Uniform Insurer’s Liquidation Law does not apply, such as where the domiciliary state is not a reciprocal state as defined therein, seizure by a creditor prior to appointment of a receiver confers upon the seizing creditor a lien which is preferred over the rights of the receiver as well as those of other creditors. Martin v. General American Casualty Co., 226 La. 481, 76 So.2d 537, 46 A.L.R.2d 1178 [(1954)]; Hankins v. Sallard, La.App., 188 So. 411 [(1939)]. Where the statute does apply, however, such a preference is specifically proscribed. See LSA-R.S. 22:762.

State v. Preferred Accident Insurance Co. of N.Y., supra.

DISCUSSION
The Commissioner of Insurance obtained an order of liquidation less than two months after the Reynolds petitioned for garnishment and approximately three months prior to the judgment which ordered garnishment. Neither party contests the status of NSH as a domestic fraternal benefit society which, under LSA-R.S. 22:570, was subject to the liquidation procedures of the insurance code found in LSA-R.S. 22:733 through 22:768.
The language in § 762 is clear and unambiguous that, with regard to delinquency proceedings in this state, a garnishment action shall not be commenced or maintained in the courts of this state against NSH or its assets, and that any lien obtained by such an action or proceeding within four months before the November 18,1990 commencement of this delinquency proceeding is void against any rights arising in the delinquency proceeding. Section 762, in effect, rendered void the Reynolds’ judgment of garnishment because any lien obtained thereby was obtained within the proscribed time frame.
The Reynolds allege that § 762 does not, by its terms, grant the Commissioner the right to circumvent the law applicable to garnishment proceedings. They argue that, under Gambino v. Culp, 444 So.2d 730 (La.App. 5th Cir.1984), writ denied, 448 So.2d 111 (La.1984), upon service of the garnishment pleadings, they effectively and/or constructively seized the NSH assets which were in the Commissioner’s possession or control. They assert that the Commissioner, as garnishee, then became custodian of the funds which formerly belonged to NSH, and was obligated to hold those funds until the Fourth Judicial District Court ordered dispersal of those funds. We are not persuaded by this argument because Gambino is neither factually nor legally on point.
The Gambino court was faced with the issue of whether a garnishee bank had the authority, once service had taken place, to apply its right of compensation to funds of the judgment debtor which were held by the bank. That court held that custodians of seized property may not avail themselves of compensation after service of the garnishment action had taken place.
By contrast, the instant facts fall squarely within the scope of the insurance code. The legislature has granted an exception to the general rule of ranking of claims by preference or privilege. Section 762 expressly prohibits the order which the Commissioner herein appeals such that, even if service of the garnishment proceeding created a lien in favor of the Reynolds, such lien is void because it was created within four months prior to the commencement of the delinquency proceedings. On *377 these facts, we do not find the Gambino case to be controlling or persuasive.
Because we conclude that the judgment of garnishment obtained by the Reynolds is proscribed by § 762, we need not address the remaining arguments made by the Commissioner and the responses thereto made by the Reynolds. Specifically, we need not reach the questions of whether the order of liquidation enjoined the Reynolds’ rule to obtain the garnishment or whether the order of liquidation transferred ownership of NSH assets to the Commissioner.
As noted in brief by the Commissioner, Eugene and Eugenia Reynolds may seek relief via the liquidation procedures of the insurance code by filing their claim with the Commissioner, as liquidator, along with all other policy holder claimants.
For the foregoing reasons, we find the garnishment judgment of the trial court is void as a matter of law. Accordingly, we vacate the February 28, 1991 judgment at appellees’ costs.
VACATED.